**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2012

No. 11-40921
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOUGLAS PALENCIA-BONILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-904-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Douglas Palencia-Bonilla appeals the 70-month sentence imposed following his guilty plea conviction for illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326. Palencia-Bonilla argues that the district court erred when it imposed the 16-level "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2009), based on his 2009 Arkansas "no contest" plea to second degree sexual assault, for which he received a suspended imposition of sentence of 240 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40921

"A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for [this court's] review." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (internal quotation marks and citation omitted); *see also* FED. R. CRIM. P. 51(b). Although Palencia-Bonilla objected in the district court to the application of this enhancement, he did so based on different arguments than he now makes on appeal. Accordingly, we review for plain error. *See Mondragon-Santiago*, 564 F.3d at 361; *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Palencia-Bonilla asserted in the district court that he was "forced" to accept the 240-month term of probation because he was held in jail for 20 months without his state case being brought to trial. He now asserts that the length of his confinement in jail made it "very difficult to refuse a 20 year probation." Thus, it appears he has abandoned any claim that his no contest plea was forced. Even if he has not abandoned this claim, under any standard of review, this claim fails for the following reasons.

All of Palencia-Bonilla's arguments challenge the validity of his prior state conviction. Because he has made no allegation that he was denied counsel in the prior proceeding or any argument that there is an authorized basis on which to challenge his prior conviction, he may not collaterally challenge the use of his prior conviction to enhance his sentence. *See Custis v. United States*, 511 U.S. 485, 493-97 (1994); *United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010). Thus, the district court did not err, plainly or otherwise, in refusing to entertain a collateral challenge to Palencia-Bonilla's state court conviction and in applying the 16-level enhancement. *See Longstreet*, 603 F.3d at 277; *Puckett*, 556 U.S. at 135. The judgment of the district court is AFFIRMED.